UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

January 7, 2025

To: All counsel of record

**LETTER OPINION AND ORDER**

RE:  **Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP address 173.54.29.135**
**Civil Action No. 24-9433 (BRM) (MAH)**

Dear Counsel:

This Letter Opinion and Order will address Defendant John Doe Subscriber Assigned Internet Protocol Address 173.54.29.135's motion to quash and for a protective order. *See* Def.'s Mot. to Quash, Oct. 30, 2024, D.E. 7. For the reasons set forth below, Defendant's motion is denied.

**I.     BACKGROUND**

Plaintiff Strike 3 Holdings, LLC ("Strike 3") is a Delaware limited liability company that owns the rights to various adult films. *See* Compl., Sept. 25, 2024, D.E. 1, ¶ 2. Plaintiff alleges that Defendant pirated twenty-four of its films through a peer-to-peer file sharing network using Internet Protocol ("IP") address 173.54.29.135, in violation of the Copyright Act, 17 U.S.C § 101, *et seq*. *See id.* ¶¶ 4-5, 12, 28-46. Strike 3 asserts "a major problem with Internet piracy," as its films are often the target of copyright infringers. *Id.* ¶ 16. To identify the alleged infringer(s), Strike 3 tracked the IP addresses that download and share the copyright-

protected material. *See id.* ¶¶ 9, 24, 26. Using the IP address suspected of pirating the material, Strike 3 then traced the location of the device used at the time of downloading, using geolocation technology. *See id.* ¶ 9. That information enabled Strike 3 to file suit in this Court, naming a John Doe placeholder as the defendant. *See id.* ¶¶ 7-9. Strike 3 then sought leave to serve a subpoena on the Internet Service Provider to determine the subscriber of that IP address. Def.'s Br. in Supp. of Mot. ("Def.'s Br."), D.E. 7-4, at 4.

On October 1, 2024, this Court granted Strike 3's motion for leave to serve Verizon Online LLC with a subpoena to ascertain the subscriber information associated with IP address 173.54.29.135. *See* Letter Op. and Order, Oct. 1, 2024, D.E. 6. The Court concluded that Strike 3 had good cause for seeking expedited discovery and that its need for the discovery outweighed any prejudice to the opposing party. *See id.* at 4-5. On October 30, 2024, Defendant filed the instant motion to quash the subpoena or, in the alternative, to proceed anonymously. Strike 3 filed an opposition to Defendant's motion on October 31, 2024. Br. in Opp., D.E. 8.

## II. LEGAL STANDARD AND ANALYSIS

### A. Defendant's motion to quash is denied

Federal Rule of Civil Procedure 45(d)(3)(a) provides that, "[on] timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied." *Malibu Media, LLC v. John Does # 1-30,* No. 12-3896, 2012 WL 6203697, at *2 (D.N.J. Dec. 12, 2012) (quoting *Malibu Media, LLC v. John Does 1-15,* No. 12-2077, 2012 WL

3089383, at *5 (E.D. Pa. July 30, 2012)). The defendant bears a substantial burden to prevail on a motion to quash an otherwise valid subpoena. *Malibu Media, LLC v. John Does 1-18,* No. 12-7789, 2014 WL 229295, at *6 (D.N.J. Dec. 18, 2013).

Defendant asserts that the subpoena seeks privileged information, *i.e.*, his name and address, in which he has a reasonable expectation of privacy. Def.'s Br., D.E. 7-4, at 6. Defendant also alleges that Strike 3 is a serial litigator and that the instant lawsuit and subpoena amount to nothing more than a fishing expedition. *Id.* Based on these two factors, Defendant argues that the Court should grant his motion and quash the subpoena. *Id.*

Strike 3 responds that the Court must deny Defendant's motion to quash because the motion is moot. Br. in Opp., D.E. 8, at 5. As part of his motion to quash, Defendant filed, on the public docket, a notice that Verizon sent to Defendant informing him of the subpoena. Notice and Subpoena, Exhibit A, Certification of Albert H. Wunsch, III, D.E. 7-1. The notice portion of this exhibit is a two-page document that includes Defendant's name and address. *Id.* at 7. Strike 3 contends that because Defendant has publicly disclosed the subject information, the Court must deny this portion of the motion.

The Court agrees. Strike 3 now has the information sought by the subpoena. "Simply put, the Court cannot now un-ring this bell." *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 96.248.100.147*, No. 21-10385, 2022 WL 22896868, at *2 (D.N.J. June 17, 2022) ("Because Defendant's name and address are now in Plaintiff's possession, the Court cannot provide any further effective relief."). Accordingly, the Court denies Defendant's motion to quash the subpoena as moot and will turn to considering Defendant's motion to proceed anonymously.

### B. Defendant's motion for a protective order to proceed anonymously is denied

A core component of the American judicial system is that judicial proceedings should be conducted in public. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). As such, Federal Rule of Civil Procedure 10(a) requires that all parties identify themselves in pleadings. Fed. R. Civ. P. 10(a). However, courts have recognized that under limited circumstances a party may proceed via pseudonym "where disclosure of the litigant's identity creates a risk of 'extreme distress or danger[.]'" *Doe v. Oshrin*, 299 F.R.D. 100, 102 (D.N.J. 2014).

The Third Circuit has adopted a nine-factor test to evaluate whether a party should be permitted to proceed anonymously referred to as the *Provident Life* factors. *Megless*, 654 F.3d at 408, 410 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). The court must determine whether "a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Id.* The six factors that, if found, weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409. It is not enough "[t]hat a plaintiff may suffer embarrassment or economic harm." *Id.* (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)); *see Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, No. 11-10802, 2011 WL 5161453, at *7 (D. Mass. Oct. 31, 2011) (citation, alteration, and quotation marks omitted) (stating that

"mere embarrassment is not sufficient to override the strong public interest in disclosure"). The three factors weighing against proceeding anonymously include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* Because "each case presents a slightly different list of factors for courts to consider," these factors are not exhaustive. *Id.* at 408.

Courts must exercise their discretion in weighing the strong public interest in open litigation with the need for a litigant to proceed anonymously. "Exceptional circumstances justify the use of a pseudonym when a reasonable fear of severe harm outweighs the strong public interest in open litigation." *Doe v. Princeton Univ.*, No. 20-4352, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020). Proceeding under a pseudonym is generally permitted in matters involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

As an initial matter, the Court notes that Defendant fails to address any of the *Provident Life* factors in support of his request to proceed anonymously. Indeed, Defendant provides no rationale to support his request. Defendant simply states "[i]f the Court is inclined to deny Defendant's Motion to Quash, Defendant would respectfully request that a protective order be effectuated, allowing Defendant to proceed pseudonymously." Def.'s Mot. to Quash, D.E. 7, at 8. Nonetheless, the Court will address each of the above factors in turn.

### 1. Factors Weighing in Favor of Anonymity

In considering the first factor, the Court must examine the extent to which Defendant's anonymity has been maintained. *See Megless*, 654 F.3d at 407, 410. This factor does not support granting a motion to proceed anonymously where Defendant's identity has not been kept confidential. *Id.* (finding that plaintiff's identity had not been kept confidential because prior to the litigation defendant shared plaintiff's name and other characteristics on a flyer). As set forth above, Defendant's identity has not been kept confidential. Defendant filed the instant motion on October 30, 2024, revealing Defendant's name and address in Exhibit A to the Certification of Albert H. Wunsch, III. Defendant's name and address has remained on the public docket since that time, as Defendant has not sought to seal Exhibit A. Accordingly, the Court finds that this factor does not weigh in favor of Defendant proceeding anonymously.

The second factor examines the substantiality of Defendant's fear of public disclosure. *See Megless*, 654 F.3d at 410. This factor does not favor Defendant's request to proceed anonymously because he does not have a reasonable fear of severe harm. Requests to proceed anonymously are granted in only exceptional circumstances. *Oshrin*, 299 F.R.D. at 102. Moreover, embarrassment or concern for one's reputation is insufficient to support anonymity. *See Megless*, 654 F.3d at 408 ("It is not enough that a plaintiff may suffer embarrassment or economic harm."). Thus, this Court finds this factor does not support Defendant's request to proceed pseudonymously.

With respect to the third factor, the Court must consider the magnitude of the public interest in maintaining the confidentiality of the litigant's identity. *Megless*, 654 F.3d at 410. Specifically, the Court must determine whether "if this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public

would like to have litigated." *Id.* After considering the above question, along with the present facts, this Court finds that the public will remain virtually unaffected by its decision to deny Defendant's motion. In this copyright infringement action, the only conceivable fear of harm is to Defendant's reputation. But there is nothing before the Court from which it can conclude that Defendant's fear of harm to his reputation is so exceptional such that this factor weighs in favor of anonymity. Indeed, as noted above, it is not enough that Defendant may suffer embarrassment. *See Megless*, 654 F.3d at 408. To be sure, and as Defendant notes in his brief, Strike 3 brings many copyright infringement actions every year in this Court and defendants always face hurdles unique to their circumstances. But unless those hurdles will cause those defendants severe harm, the public's inherent interest in obtaining the identity of the parties outweighs those defendants' desire to proceed anonymously. *See Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 187, 199-200 (D.N.J. 2022) (noting that "it certainly cannot be the case that anonymity is warranted for every defendant sued by Plaintiff simply because Plaintiff's copyrighted works are adult films"). Thus, this factor does not weigh in favor of granting Defendant's motion.

The fourth factor considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities." *Megless*, 654 F.3d at 409; *see also L.A. v. Hoffman*, No. 14-6985, 2015 WL 4461852, at *2 (D.N.J. July 21, 2015) (finding it appropriate to grant plaintiffs' request to proceed anonymously where plaintiffs raised a constitutional challenge to a statute as it applied generally to a class of people, a purely legal question, rather than how the statute applied to each plaintiff based on the facts and circumstances of each plaintiff). Conversely, where a claim is predominantly fact dependent, this factor weighs against anonymity. *See Doe v. Rider*

7

*University*, No. 16-4882, 2018 WL 3756950, at *6 (D.N.J. Aug. 7, 2018) (finding this factor weighs against anonymity because unlike *Hoffman*, plaintiff's claims were fact dependent). Plaintiff's claims against Defendant are largely fact dependent, especially in a case such as this where all litigation tasks to date have been aimed at discovering Defendant's identity. Thus, the Court cannot find that this factor weighs in favor of granting Defendant's request to proceed under a pseudonym.

Turning to the fifth factor, the Court must determine whether "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified." *Megless*, 654 F.3d at 409. This factor is typically reserved for consideration when plaintiff seeks to proceed anonymously as it questions whether plaintiff will pursue his case. *Id.* at 410. Because Defendant seeks to proceed anonymously here, the Court finds this factor inapplicable to the Court's analysis.

With respect to the sixth factor, this Court finds that there is no evidence to demonstrate that Defendant is seeking to use a pseudonym for an illegitimate or ulterior motive. *Megless*, 654 F.3d at 411. Accordingly, this factor has no bearing on this Court's determination. *See Megless*, 654 F.3d at 411.

### 2. Factors Weighing Against Anonymity

As to the factors weighing against proceeding anonymously, the Court first considers whether "the universal level of public interest in access to the" litigants' identities. *Megless*, 654 F.3d at 409. The public generally has a high level of interest in knowing litigants' identities. *See Princeton Univ.*, 2019 WL 5587327, at *6 (citing *Doe v. Temple Univ.*, No. 14-4729 (E.D. Pa. Sept. 3, 2014)). Publicness is an essential aspect of any judicial proceeding.

8

*Megless*, 654 F.3d at 408. Indeed, people have a right to know who is using the courts. *Id.* Thus, this factor weighs against granting Defendant's motion.

Next, the Court considers "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained." *Megless*, 654 F.3d at 409. As noted above, the subject matter of this litigation, copyright infringement, is quite common and Strike 3 is a frequent filer in this District. Further, to the Court's knowledge, Defendant is not a public figure. There is not a heightened public interest beyond the public's typically strong interest in public proceedings. Accordingly, the Court finds there is no heightened interest in knowing Defendant's identity other than that normally present.

Lastly, the Court considers "whether opposition to pseudonym by counsel, the public or the press is illegitimately motivated." *Megless*, 654 F.3d at 409. No one has submitted opposition to this portion of Defendant's motion.[1] In the absence of any opposition, the Court cannot find illegitimate motives. Thus, this factor has no bearing on the Court's analysis.

---

[1] It bears noting that Plaintiff's counsel indicates that while he does not oppose Defendant's request to proceed anonymously. However, Chief Judge Bumb recently held that mere assent to this relief may be improper. *See Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 189, 199-200 (D.N.J. 2022). In so concluding, Chief Judge Bumb found that the public has a presumptive right of access to judicial proceedings and the anonymity inquiry is for the Court alone to decide. *Id.* at 199. Moreover, the Third Circuit also recently determined that "simply wanting to proceed anonymously is not enough to overcome the 'thumb on the scale that is the universal interest in favor of open judicial proceedings.'" *Doe v. Cap. Health Sys. Inc.*, No. 23-2882, 2024 WL 175947, at *1 (3d Cir. Jan. 11, 2024) (citation omitted). For the reasons stated, the Court finds that Defendant has failed to carry his burden of tipping the scale in his favor.

Considering the relevant factors, the Court concludes that they weigh against allowing Defendant to proceed anonymously through the use of a pseudonym.   For these reasons, the Court denies Defendant's motion for a protective order to proceed anonymously.

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion to quash and for a protective order to proceed anonymously is **denied.**

*/s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**